# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) CAUSE NO. 2:17-CR-47-PPS-JEM |
| RICHARD SMITH | ) |
| Defendant. | ) |

## OPINION AND ORDER

Defendant Richard Smith and nineteen co-defendants are charged in the Indictment with conspiracy to distribute and possess with intent to distribute 5 kilograms or more of cocaine base in violation of Title 21, United States Code, Section 846. Smith filed a motion to suppress "any statements or admissions of the defendant and any and all observations of law enforcement officers during the custodial interrogation of defendant on June 23, 2017." [DE 234 at 1.] Smith asserts that, despite his signature on the *Miranda* waiver, he was mentally impaired because he was suffering from the effects of his drug use. [*Id.*] On February 12, 2018, I held a hearing on Smith's motion during which Smith and the United States presented evidence and argument and I took the matter under advisement. [DE 247.]

Smith was arrested by members of the Federal Bureau of Investigations Gang Response Investigative Team task force on June 23, 2017. Government agents advised Smith of his Constitutional rights and asked that he sign a form indicating that he understood his rights, which he did. Smith was then interrogated for 13 minutes during

which he provided some spotty information about his participation in the drug conspiracy. A video of the interrogation was played at the suppression hearing. Smith was asked questions and provided some answers, while at times acting evasive or refusing to answer. At points throughout the interrogation, Smith appeared agitated and unsettled, leading the agents to inquire whether Smith was "dope sick," meaning sick from the withdrawal from drug use.

In his briefing prior to the hearing, Smith's attorney argued that Smith was "in a fog" at the time of his interrogation due to his over usage of cocaine the previous day and was, therefore, mentally impaired. At the hearing, Smith changed course and testified that he was not "dope sick," but was instead high because he was using heroin that day, which he had snuck into the police department, while in custody. Either way, Smith's statements during his interrogation need not be suppressed.

The government must establish that a confession was voluntary and that it was not taken in violation of the *Miranda* rule. The government bears the burden to prove voluntariness. The Seventh Circuit has long held that "[a]bsent improper police coercion, a defendant's mental state does not render a confession involuntary." *Bae v. Peters*, 950 F.2d 469, 475 (7th Cir. 1991); *see also Colorado v. Connelly*, 479 U.S. 157, 167 (1986) (holding "that coercive police activity is a necessary predicate to the finding that a confession is not "voluntary" within the meaning of the Due Process Clause of the Fourteenth Amendment"). In fact, a suspect's intoxication during the time of a confession does not by itself support a finding of involuntariness. *Andersen v. Thieret*,

2

903 F.2d 526, 530 n.1 (7th Cir. 1990); *see also U.S. v. Walker*, 272 F.3d 407, 413 (7th Cir. 2001) ("[A] suspect's physical pain or drug use does not make a confession involuntary as a matter of law.") His intoxication only is relevant to the extent it made him more susceptible to mentally coercive police tactics. *Id.*

Here, Smith does not argue that he was coerced in any way. And a review of the 13 minute encounter with the police confirms this. He instead claims that he was mentally impaired during the interrogation due to his drug use. However, during his interrogation, he gave no indication that his thought processes were impaired through heroin consumption or otherwise. Even after being asked by the agents "You're not feeling good today" and "You dope sick?", Smith remained silent on the issue.

Furthermore, even if Smith was, in fact, under the influence of heroin as he now alleges, its effect does not appear to have overcome his free will. *U.S. v. Brooks*, 125 F.3d 484, 492 (7th Cir. 1997) ("[T]he test for voluntariness of the statement is whether the claimed impairments caused the defendant's will to be overborne.") In the video, it was apparent that Smith understood the nature of the *Miranda* warnings given to him and, after some contemplation, signed the waiver and started talking to the agents. Although agitated and at times evasive during his interrogation, a state that is not uncommon in such situations, it does not appear that Smith was *so* affected by his drug use that his will was overborne, rendering his waiver and subsequent statements involuntary. In fact, Smith does not argue that he did not know what the agents were asking him during the interrogation. And Smith agrees that he answered some of the

3

questions truthfully and did not answer others because he did not know the answers. He has made no arguments that he was so impaired that he did not understand what he was signing, what was happening while he was being interrogated, or that his answers were inaccurate. There simply is no credible evidence that Smith lacked the capacity to voluntarily sign the waiver and make a voluntary statement to the agents.

ACCORDINGLY:

Defendant Richard Smith's Motion to Suppress, DE 234, is **DENIED.**

**SO ORDERED.**

ENTERED: April 4, 2018.

                                              s/ Philip P. Simon
                                              PHILIP P. SIMON, JUDGE
                                              UNITED STATES DISTRICT COURT