UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:17-cr-47-PPS-JEM |
| | ) | |
| RICHARD SMITH, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Defendant Richard Smith, one of twenty defendants charged in this case, has moved for review of a detention order entered by Magistrate Judge John Martin and dated July 7, 2017. [DE 307.] In the alternative he has asked that his trial be severed from his co-defendants and likewise challenges his detention on due process grounds. [*Id.*] On October 4, 2018, I held a hearing on the motion, which was continued and rescheduled for October 11, 2018. I reviewed the indictment, the pretrial services bond report, and the defendant's memorandum prior to the hearing, and at the hearing I heard proffered evidence and argument from the parties. This order sets out and supplements the findings of fact and rulings I made on the record before denying the motion.

Smith is charged with an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act. As a result, there is a rebuttable presumption that there is no condition or combination of conditions that would reasonably assure his appearance and the safety of the community. *See* 18 U.S.C.

§ 3142(e)(3)(B). This presumption represents Congress's judgment that people charged with such serious crimes are "likely to continue to engage in criminal conduct undeterred either by the pendency of charges against them or by the imposition of monetary bond or other release conditions." *U.S. v. Dominguez*, 783 F.2d 702, 707 (7th Cir. 1986).

Section 3142(g) sets out four factors to consider in deciding whether there are conditions that would ensure the community's safety or whether a defendant must be detained instead. 18 U.S.C. § 3142(g). The first factor is the nature and circumstances of the charged offense, including whether it is a crime of violence or involves narcotics. *See* 18 U.S.C. § 3142(g)(1). Smith is charged with one count of conspiracy in an otherwise lengthy indictment. But it is a controlled substance offense, which weighs in favor of detention.

The second factor is the weight of the government's evidence against Smith. 18 U.S.C. § 3142(g)(2). Based on the government's proffer at the hearing, I am persuaded that it has a strong case against Smith. The government did not present any testimony from the agent on this case or from any witnesses, but did give a strong proffer of evidence. This includes Smith's arrest at the home which was the base of operations for the criminal organization, his possession of crack cocaine at the time of his arrest, records of conversations between Smith and his co-defendants. As a result, the second factor — the weight of the evidence against the defendant – favors detention.

The third factor is Smith's character, physical and mental condition, family ties,

employment situation, financial resources, length of residence in the community, community ties, and criminal history. 18 U.S.C. § 3142(g)(3). These are bad facts for Smith's motion. The pretrial services bond report reveals Smith has a long criminal history, including five prior felony convictions and violations of orders of protection. Smith likewise does not appear to have strong financial ties to the community such as property ownership or employment. He has further reported significant and lengthy use of both heroin and cocaine for 10 and 20 years, respectively. All of these facts favor detention and that Smith is a flight risk.

The fourth factor is the nature and seriousness of the danger to any person or the community posed by Taylor's release. 18 U.S.C. § 3142(g)(4). Given the above-mentioned facts concerning the nature of the crimes charged and Smith's personal history, there is potential for danger to the community if detention were not ordered.

This brings me to the second aspect of the motion, Smith's request that he be severed from the rest of his co-defendants in the hopes he will be tried sooner. "Joint trials 'play a vital role in the criminal justice system.' They promote efficiency and 'serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts.'" *Zafiro v. United States*, 506 U.S. 534, 537 (1993) (citations omitted). This is especially true in conspiracy cases like this one. *United States v. Cardena*, 842 F.3d 959, 981 (7th Cir. 2016) ("[T]here is presumption that participants in a conspiracy or other criminal schemes should be tried together, not only to economize on judicial and prosecutorial resources but also to give the jury a fuller picture of the scheme.")

(quoting *United States v. Phillips*, 239 F.3d 829, 838 (7th Cir. 2001) (internal quotation marks omitted)).

All Smith offers against this presumption and policy in favor of joint trials is his denial of "even knowing the great bulk of the defendants in this matter", that "this matter has gone on long enough", and that other defendants in the case have not been detained pending trial. [DE 307 at ¶¶6-8.] That is not enough. Severance is appropriate "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro*, 506 U.S. at 539. Here, no such showing of a serious risk or threat to the integrity of the jury's solemn function has been shown.

Finally, Smith has argued that the length of his detention (his detention order was dated July 7, 2017) violates his rights to due process under the United States Constitution. I find this argument unavailing as well. While the Supreme Court has noted that "excessively prolonged detention" could be problematic and even rise to the level of a constitutional violation, *see United States v. Salerno*, 481 U.S. 739, 748, n.4 (1987), the Seventh Circuit has strictly limited a defendant's ability to challenge their pretrial detention on constitutional grounds. In *United States v. Infelise*, the Seventh Circuit held that prolonged pretrial detention would only give rise to a constitutional challenge if there were evidence of unnecessary delay on the part of the prosecution or the court. It stated:

> If judge and prosecutor are doing all they reasonable can be expected to do to move the case along, and the statutory

> criteria for pretrial detention are satisfied, then we do not think
> a defendant should be allowed to maintain a constitutional
> challenge to that detention. To get to first base, therefore, he
> must show that either the prosecution or the court has
> unnecessarily delayed in bringing the case to trial . . .

*United States v. Infelise*, 934 F.2d 103, 104-05 (7th Cir. 1991). Here, there has been no suggestion or argument by Smith that there has been any dilatory tactics on the part of the prosecution or the court. While Smith has been detained for fifteen months, I do not think that is unreasonable given the number of defendants and complexity of this case. The four week trial in this case is set to begin on April 8, 2019, or in roughly 6 months. [DE 252.] And as I stated on the record at the hearing, I expect this trial date to be firm and will not look favorably upon any additional continuance absent extraordinary circumstances. And as discussed above, I find the statutory criteria for pretrial detention as to Smith are all met in this case. Accordingly, there has been no violation of his due process rights under the Constitution.

Accordingly, I find that Magistrate Judge Martin's order of pretrial detention [DE 177, 181] was supported and appropriate in this case. Smith's motion to revoke his Detention Order [DE 307] is DENIED and his motion to sever his trial [DE 307] is likewise DENIED.

SO ORDERED on October 12, 2018.

      /s/ Philip P. Simon  
      PHILIP P. SIMON, JUDGE  
      UNITED STATES DISTRICT COURT